Submitted on record and briefs July 9, vacated in part; otherwise affirmed and remanded for further proceedings August 15, 2001

In the Matter of
Thomas Arthur Thompson, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY,
*Respondent,*

*v.*

THOMAS ARTHUR THOMPSON,
*Appellant.*

J99-0582; A110576

29 P3d 1221

Frank Porcelli, Jr., filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LANDAU, P. J.

28

## LANDAU, P. J.

When youth was 17 years of age, he was charged in juvenile court with first-degree theft. Before the charge was adjudicated, youth turned 18. After a contested hearing, the juvenile court found him to be within its jurisdiction on that charge. At the dispositional hearing, the court ordered youth to serve seven days of "detention" in the Washington County Jail. The court explained that, because youth had by then turned 18, the juvenile detention facility would not accept him. Youth objected, arguing that the juvenile court lacked authority to require a youth offender to serve detention in an adult facility. The trial court imposed the sentence, but suspended its execution pending appeal.

On appeal, youth reiterates his contention that the trial court lacks authority to require him to serve his detention in the Washington County Jail. The state concedes the point, and we accept the concession.

ORS 419C.453 provides that, when a youth "has been found to be within the jurisdiction of the juvenile court by reason of having committed an act which would be a crime if committed by an adult," the juvenile court may order the youth 12 years of age or older to be placed in a "detention facility for youths" for a period of up to eight days. A youth "detention facility" is a facility established under chapter 419A "for the detention of dependent children or delinquent youth pursuant to a judicial commitment order." ORS 419A.004(1). Among other things, chapter 419A provides that such facilities must meet certain lighting and sanitary requirements. *See* ORS 419A.052. It also provides that such facilities must provide for the housing of children in a room or ward "screened from the sight or sound of adults who may be detained in the facility." ORS 419A.063(1)(a).

Nothing in the record suggests that the Washington County Jail qualifies as a "detention facility" within the meaning of the statute. The trial court therefore erred in ordering that youth serve his detention in that facility.

Portion of order requiring youth to serve detention in Washington County Jail vacated; otherwise affirmed; remanded for further proceedings.